YELLOW CAB COMPANY OF RHODE ISLAND *vs.* ANTONIO ANASTASI.

JUNE 11, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J. Appeal of respondent from a decree of the Superior Court granting a preliminary injunction.

The bill of complaint on which complainant relies is sworn to and alleges the following facts. Complainant, a Rhode Island corporation, is engaged in the public taxicab business in Providence; to secure a uniform and prompt service for its patrons it maintains several public cab stations connected by telephone with a central office; it employs experienced chauffeurs, has maintained a reasonable schedule of fares and has thus earned and established a general reputation for safe and satisfactory service; to distinguish its cabs from others employed in a similar service and to obtain the benefit of the reputation which it has established, the complainant has made use of the name "Yellow Cab Co." and has dressed its vehicles in a distinctive color; the lower and larger part of the cab body is painted yellow, the upper part of the cab body, the chassis, hood and fenders are black; this color scheme, by long use and much advertising, has become familiar to its patrons and the public and is a distinguishing and identifying mark of complainant's cabs and cab service, which is now and for a long time has been favorably known to the public and distinguished by them as the "Yellow Cab Service."

Complainant further alleges that respondent, with full knowledge of these facts, is operating a public taxicab in Providence which in color scheme and dress so closely resembles complainant's taxicabs as to be calculated to, and to actually deceive the patrons of the complainant and the public generally and thereby divert to respondent and enable him to reap the benefit of the reputation and business gained by complainant through the development of its business.

The prayer of the bill is for an injunction.

Respondent testified that he owned and operated two public taxicabs in Providence of the sedan type; the upper

frames were originally painted black with a heavy blue color around the bottom; about three weeks before this bill of complaint was brought, he had one of his cabs repainted. He claims that the color of the body is now orange and the top and mudguards brown. Respondent was familiar with complainant's cabs and color scheme. He selected these colors, as he says, because he liked the combination when shown certain samples in a paint shop. He used the brown color on the top of the cab and also placed the inscription "Colonial Taxi Service" on each side door entered by passengers, for the purpose of avoiding similarity to complainant's cabs. The latter had the inscription "Yellow Cab Co." on each door in black letters. The letters on respondent's cab were painted blue with black trimmings.

After an inspection and comparison of respondent's cab with complainant's, the trial justice states that the predominant yellow on each cab is what impressed him and that respondent's "orange" color and complainant's "yellow" looked very much alike; that respondent's "brown" color on the top of his cab impressed the court as black when he first inspected the cab although on close inspection it might perhaps be called a brown hue verging on black.

At the hearing of the cause on the appeal of respondent from the decree granting a temporary injunction, this court viewed respondent's cab as it was lined up with several of complainant's cabs. The general impression was that all of the cabs, including respondent's, belonged to one and the same cab service. When viewing respondent's cab, either from the front or the rear, ordinary observation showed no noticeable distinction. On closer inspection abreast of the cabs, the different inscriptions on the cab doors were easily seen. Certain other differences on particular examination could be seen. In respondent's sedan, the seat of the driver is inside the closed car; in complainant's cabs the driver's seat is single and separated from the passenger seats by a glass partition and there is also a meter to the right of the driver. The cab has disc wheels, the sedan, spoke wheels.

The question is, is this unfair competition? We think it is. The general appearance of respondent's taxicab is such as to cause the casual observer and the public generally, when using ordinary observation, to believe the different taxicabs to be those of one and the same company. The variation in structural design and differentiation in color are not sufficient to change the general effect. The complainant neither has, nor can it acquire, the exclusive right to use a particular color or colors on its cabs. But respondent, if he wishes to use any color or colors, as he lawfully may do, must so use them as not thereby to mislead the public and thus secure an unfair advantage for himself at the expense of complainant. Complainant can not properly complain of the use by respondent of the colors yellow and black but it can properly object to their use in such combination as will amount to a deceptive imitation of the general color scheme and design of its cabs. Among the recent cases cited by complainant and supporting its claim are the following: *Yellow Cab Co.* v. *Becker*, 176 N. W. (Minn.) 345; *Yellow Cab Co.* v. *Creasman*, 117 S. E. (N. C.) 787; *Taxi &c. Co.* v. *Martin*, 108 Atl. (N. J.) 763.

It is of no avail for respondent to affirm his intention to avoid any simulation of complainant's distinctive color scheme. The result speaks for itself and his intention is properly held to be the natural and probable result of his considered action. One fair test of the fairness or unfairness of respondent's competition is this—Would respondent, if he wished to build up a personal business and acquire an individual patronage, so paint his cabs that at a short distance they were indistinguishable from those of his competitor? We think he would not. What he intended was to secure a certain benefit and patronage which he hoped to divert from the Yellow Cab Co., not as a result of legitimate competition, but by reason of the failure of the travelling public to easily distinguish his cab from those of complainant. This is unfair competition against which complainant is entitled to be protected.

The result of this conclusion is not to establish for complainant an exclusive right to the use of the colors yellow and black in combination. Respondent may still continue to use this combination, provided he adds thereto some other color, or a stripe or some other distinguishing mark which is sufficiently conspicuous from any usual point of observation to enable an ordinary observer to distinguish his cab from complainant's cabs.

The respondent's appeal is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Curtis, Matteson, Boss & Letts, James Ira Shepard,* for complainant.

*Philip S. Knauer, Luigi De Pasquale,* for respondent.